UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN LAND ACQUISITION, CORP.

                Appellant,

     -against-

MARC A. PERGAMENT,

                Appellee.
------------------------------------------------------------X

**ORDER**
13 CV 4357(SJF)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y
★ MAR 06 2014 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.,

On June 4, 2013, appellant American Land Acquisition, Corp. ("appellant") filed in the United States Bankruptcy Court for the Eastern District of New York ("the bankruptcy court") a notice of appeal to this Court from an order of the bankruptcy court, dated May 22, 2013, authorizing the Chapter 7 Trustee, Marc Pergament, Esq. ("the Trustee"), to sell real property owned by appellant, located at 1000 10th Street, Ronkonkoma, New York ("the subject property"), on May 24, 2013. The notice of appeal and "Deficient Record on Appeal" were transmitted to this Court on August 1, 2013.

The Trustee now moves to dismiss the appeal pursuant to 11 U.S.C. § 363, on the ground that the relief requested in the appeal is moot, or, in the alternative, pursuant to Rule 8001(a) of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules"), for appellant's failure to comply with Rule 8006 of the Bankruptcy Rules, i.e., to file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" ("Designation and Statement") within fourteen (14) days after filing the notice of appeal. Although appellant's opposition to the motion to dismiss was due on or before August 27, 2013, no opposition to the

1

motion was filed until October 11, 2013, and that belated opposition was filed by Dale R. Javino ("Javino"), president of appellant, *pro se*, not by appellant's counsel of record.

I.   Background

On October 26, 2012, several days prior to a scheduled foreclosure sale of the subject property pursuant to an order and judgment of the Supreme Court of the State of New York, County of Suffolk, the appellant filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code ("the Bankruptcy Code") in the bankruptcy court, which was assigned to the Honorable Alan S. Trust, United States Bankruptcy Judge. In re American Land Acquisition Corporation, No. 8-12-76440. (Bankruptcy Docket ["Bankr. Doc."] No. 1). Thereafter, the Trustee was appointed as interim, then permanent, Chapter 7 Trustee.

On March 19, 2013, the Trustee entered into a Contract of Sale to sell the subject property to Gemini Property Acquisitions, LLC ("GPA"), subject to higher and better offers. The motion to approve the sale was served and filed on March 20, 2013, (Bankr. Doc. No. 50), and the hearing to approve the sale was conducted by the bankruptcy court on May 21, 2013. (Bankr. Doc. 5/21/13).

By order dated May 22, 2013 ("the Sale Order"), the bankruptcy court, *inter alia*, granted the Trustee's motion to approve the sale of the subject property to the extent of authorizing the Trustee to sell the subject property to GPA for the sum of six hundred thousand dollars ($600,000.00) pursuant to Sections 363(b), (f) and (m) of the United States Bankruptcy Code ("the Bankruptcy Code"), "free and clear of all liens, claims and encumbrances, with all liens, claims and encumbrances to attach to the proceeds of the sale in the order of their priority."

2

(Affirmation of Seth M. Choset ["Choset Aff."], Ex. B). The Sale Order provides that "[i]n the event that [GPA] consummates the closing of the sale of the [subject property] while an appeal of this Order is pending, [GPA] shall be entitled to rely upon the protections of § 363(m) of the Bankruptcy Code, absent any stay pending appeal granted by a court of competent jurisdiction prior to such consummation." Id.

On June 4, 2013, appellant, by counsel, filed a notice of appeal of the Sale Order in the bankruptcy court. (Bankr. Doc. No. 88). Thereafter, appellant and Javino, in his individual capacity, made several unsuccessful attempts to stay enforcement of the Sale Order and the sale of the subject property in both the bankruptcy court and this Court. (See Choset Aff., Exs. D, E and G). According to the Trustee, the subject property "was sold to a good faith purchaser under 11 U.S.C. § 363(m) * * *." (Choset Aff., ¶ 19).

The notice of appeal and a "Deficient Record on Appeal," (Bankr. Doc. No. 131), were transmitted to this Court on August 1, 2013. On August 21, 2013, the Trustee filed a motion to dismiss the appeal pursuant to 11 U.S.C. § 363, on the ground that the relief requested in the appeal is moot, or, in the alternative, pursuant to Rule 8001(a) of the Bankruptcy Rules for failure to comply with Rule 8006 of the Bankruptcy Rules, i.e., to file a Designation and Statement within fourteen (14) days after filing the notice of appeal. By order dated August 22, 2013, I granted the Trustee's motion seeking to suspend the schedule for filing briefs on the appeal and suspended the filing of briefs on the appeal pending determination of the Trustee's motion to dismiss the appeal. Although appellant's opposition to the Trustee's motion to dismiss was due on or before August 27, 2013, no opposition to the motion was filed until October 11, 2013, and that belated opposition was filed by Javino *pro se*, not by appellant's counsel of

3

record. Accordingly, the Trustee requests that this Court reject Javino's opposition as untimely and improper.

II. Discussion

A. Jurisdiction

"District courts are vested with appellate jurisdiction over bankruptcy court rulings pursuant to 28 U.S.C. § 158(a), and may 'affirm, modify, or reverse a bankruptcy judge's judgment, order or decree.'" In re Motors Liquidation Co., 428 B.R. 43, 51 (S.D.N.Y. 2010) (quoting Fed. R. Bankr. P. 8013); see also In re Litas International, Inc., 316 F.3d 113, 116 (2d Cir. 2003) ("[T]he bankruptcy rules provide for appeal, as a matter of right, 'from a judgment, order or decree of a bankruptcy judge to a district court . . . as permitted by 28 U.S.C. § 158(a)(1) or (a)(2).' Fed. R. Bankr. P. 8001(a).")

B. Javino's Opposition

"[A] corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993); see also Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) ("[A] corporation must appear through licensed counsel * * *."); Jones v. Niagara Frontier Transportation Authority, 722 F.2d 20, 22 (2d Cir. 1983) (holding that a corporation "cannot proceed pro se" and "may litigate only through a duly licensed attorney"). Since appellant, as a corporation, cannot appear *pro se* and Javino, who is not an attorney licensed to practice before this Court, cannot appear in this action on behalf of appellant, the Trustee's application seeking

4

to have this Court reject the opposition submitted by Javino *pro se* is granted. Since counsel of record for appellant has not filed any opposition to the Trustee's motion to date, the Trustee's motion to dismiss is deemed unopposed.

C. Statutory Mootness

Section 363(m) of Title 11 of the United States Code provides, in relevant part:

> "The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale * * * of property does not affect the validity of a sale * * * under such authorization to an entity that purchased * * * such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale * * * were stayed pending appeal."

Section 363(m) "creates a rule of statutory mootness, * * * which bars appellate review of any sale authorized by 11 U.S.C. § 363(b) or (c) so long as the sale was made to a good-faith purchaser and was not stayed pending appeal * * *." In re Westpoint Stevens, Inc., 600 F.3d 231, 247 (2d Cir. 2010) (quotations and citations omitted); see also In re Baker, 339 B.R. 298, 303 (E.D.N.Y. 2005) ("Courts have uniformly held that if a debtor fails to obtain a stay of a sale of properties, appeal of an order authorizing the sale is rendered moot and must be dismissed once the sale to good faith purchasers has taken place and has been approved.") "By restricting the exceptions to the application of section 363(m) to an entry of a stay or a challenge to the 'good faith' aspect of the sale, section 363(m) moots a broader range of cases than are barred under traditional doctrines of mootness." In re Westpoint Stevens, Inc., 600 F.3d at 247.

Since "section 363(m) is a limit on [an appellate court's] jurisdiction," In re Westpoint Stevens, Inc., 600 F.3d at 248, "absent an entry of a stay of the Sale Order, [the appellate court] only retain[s] authority to review challenges to the 'good faith' aspect of the sale." Id; see also In

5

re Gucci, 105 F.3d 837, 839 (2d Cir. 1997) ("Gucci I") ("[A]ppellate jurisdiction over an *unstayed* sale order issued by a bankruptcy court is statutorily limited to the narrow issue of whether the property was sold to a good faith purchaser." (Emphasis in original)). "The Second Circuit * * * strictly enforces th[e] so-called statutory mootness rule of section 363(m)," In re Motors Liquidation Co., 428 B.R. at 53, such that an appellate court "may neither reverse nor modify the judicially-authorized sale if the entity that purchased * * * the property did so in good faith and if no stay was granted." Gucci I, 105 F.3d at 839-40; see also In re Gucci, 126 F.3d 380, 389 (2d Cir. 1997) ("Gucci II") (holding that an appellate court "cannot take any action that affects the judicially-authorized sale if the purchaser acted in good faith and no stay was granted.")

The Second Circuit has "equated section 363(m) to an imposed jurisdictional limit on [an appellate court's] authority to review the Bankruptcy Court's sale order." In re Westpoint Stevens, Inc., 600 F.3d at 247. "[U]nder section 363(m), [an appellate court] lack[s] jurisdiction to review the entire Sale Order– not just the actual sale transaction." Id. at 248. Moreover, "section 363(m)'s strict limitation of issues on appeal of an unstayed sale order does not distinguish between jurisdictional and non-jurisdictional challenges [to the Sale Order]." In re Motors Liquidation Co., 428 B.R. at 54 (citing cases).

"[S]ection 363(m) applies even when a stay was denied by the district court after a motion for a stay was timely made because statutory mootness recognizes that a reviewing court 'may be powerless to undo or rewrite the terms of the consummated sale.'" In re Motors Liquidation Co., 428 B.R. at 53 (quoting Gucci I, 105 F.3d at 840); see also In re Baker, 339 B.R. at 303 (holding that the rule of statutory mootness "applies even when the debtor has sought a

stay, but the stay has been denied.")

"Section 363(m) maximizes the purchase price of assets because without this assurance of finality, purchasers could demand a large discount for investing in a property that is laden with the risk of endless litigation as to who has rights to estate property." Gucci II, 126 F.3d at 387; see also Gucci I, 105 F.3d at 840 ("[A] rule limiting appellate jurisdiction over unstayed sale orders to the issue of good faith furthers the policy of finality in bankruptcy sales * * * and assists the bankruptcy court to secure the best price for the debtor's assets." (citations omitted)). The Second Circuit has "long recognized the value of finality in judicial sales." Gucci II, 126 F.3d at 387; see also In re Baker, 339 B.R. at 303 ("Two policy reasons are recognized for * * * [the] rule [of statutory mootness]. First, the rule furthers the policy of finality in bankruptcy sales. Second, the rule allows bankruptcy courts to maximize profits from such sales.")

"Although the Bankruptcy Code does not define the meaning of 'good-faith purchaser,' * * * most courts have adopted a traditional equitable definition: one who purchases the assets for value, in good faith and without notice of adverse claims." Gucci II, 126 F.3d at 390 (quotations and citations omitted). "Good faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings; where there is a lack of such integrity, a good faith finding may not be made." Id. "A purchaser's good faith is lost by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." Id. (quotations and citations omitted). "[T]he good-faith analysis is focused on the purchaser's conduct in the course of the bankruptcy proceedings[,] * * * includ[ing] the purchaser's actions in preparation for and during the sale itself." Id.

Since there is no issue regarding GPA's good faith in purchasing the subject property[1], appellant was unsuccessful in its efforts to obtain a stay of the Sale Order and it is undisputed that the sale of the subject property has been consummated, this appeal is statutorily moot pursuant to Section 363(m) of the Bankruptcy Code. See, e.g. In re Gucci II, 126 F.3d at 387 ("Because appellants were denied a stay pending appeal of the sale order and the sale itself has been consummated, the only question before [the Court] is whether the buyer * * * is a good faith purchaser under § 363(m)."); In re Motors Liquidation Co., 428 B.R. at 54 (finding the appeal of a Sale Order to be moot where the applications for a stay pending appeal were denied by the bankruptcy court and the district court, the appellants did not contest the bankruptcy court's finding that the purchaser was acting in good faith, and there was no indication that the good-faith finding was erroneous). Accordingly, the branch of the Trustee's motion seeking dismissal of the appeal pursuant to Section 363(m) of the Bankruptcy Code is granted and the appeal is dismissed in its entirety as statutorily moot pursuant to 11 U.S.C. § 363(m).

D.  Bankruptcy Rule 8006

Rule 8001(a) of the Bankruptcy Rules provides, in pertinent part, that "[a]n appeal from a judgment, order, or decree of a bankruptcy judge to a district court * * * as permitted by 28 U.S.C. § 158(a)(1) * * * shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of

---

[1] Even were I to consider the untimely and improper opposition submitted by Javino, he challenges only the good faith of the Trustee, not the good faith of GPA, the purchaser of the subject property, throughout the course of the bankruptcy proceedings. Javino's remaining contentions are without merit.

8

appeal does not affect the validity of the appeal, but is ground only for such action as the district court * * * deems appropriate, which may include dismissal of the appeal." Rule 8001(a) "makes clear that a district court enjoys discretion to dismiss an appeal in all cases except where the debtor does not file a timely notice of appeal, in which case the court has no choice but to dismiss the case." In re Harris, 464 F.3d 263, 270 (2d Cir. 2006). Although "a court should exercise its discretion given the factual circumstances of a particular case," id. at 272, it "should endeavor to explain why it is in the interest of justice to all parties, including secured and unsecured creditors, to dismiss a bankruptcy appeal on procedural grounds rather than to continue to the merits of the appeal." Id.

Rule 8006 of the Bankruptcy Rules provides, in relevant part, that "[w]ithin 14 days after filing the notice of appeal as provided by Rule 8001(a) * * * the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Thus, the Designation and Statement are supposed to be filed in the bankruptcy court before the record on appeal is even transmitted to this Court. "Filing a Designation and Statement [under Rule 8006] is mandatory." In re Lynch, 430 F.3d 600, 603 (2d Cir. 2005).

Rule 9006(b)(1) of the Bankruptcy Rules "permits some filings or other acts to be accepted notwithstanding a missed deadline." In re Lynch, 430 F.3d at 603. It provides, in relevant part, that, with exceptions not relevant here, "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion * * * (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the

result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). Thus, an action or filing should be permitted under Rule 9006(b)(1) "where the untimeliness is the result of excusable neglect." In re Lynch, 430 F.3d at 605. "Where * * * no excusable neglect [is] shown, the late filing is not permitted." Id.

"The decisive question, then, is whether or not [the appellant's] failure to file on time was the result of excusable neglect." In re Lynch, 430 F.3d at 603. "[T]he determination of whether to permit an untimely action must be made 'taking account of all relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (quoting Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)); see also In re Harris, 464 F.3d at 272 (holding that the court should consider "whether counsel's behavior evinces bad faith or a pattern of negligence; whether any other parties were prejudiced by the errant litigant's conduct; and whether the litigant should be granted the opportunity to rectify the problem.") Moreover, since dismissal "is a harsh sanction," the court should also "consider whether a lesser sanction would be appropriate." In re Harris, 464 F.3d at 272.

However, since "a bankruptcy appeal cannot proceed without a Designation and Statement," In re Lynch, 430 F.3d at 605, if an appellant who did not timely file a Designation and Statement pursuant to Rule 8006 of the Bankruptcy Rules does not meet the conditions of Rule 9006(b)(1), his appeal cannot proceed. See In re Lynch, 430 F.3d at 603, 605. In such circumstances, i.e., "where the appeal is precluded without the untimely action, there is no scope

10

for an independent analysis under Rule 8001(a)." Id. at 605.

The filing requirement of Rule 8006 of the Bankruptcy Rules is "quite clear." In re Lynch, 430 F.3d at 604. Moreover, on or about June 5, 2013, the bankruptcy court served the parties to this appeal with a "Notice to Parties Concerning Appeal (ECF Case)" advising them, *inter alia*, of the requirements of Rule 8006. Pursuant to Bankruptcy Rule 8006, appellant's Designation and Statement should have been filed on or before June 18, 2013. Since appellant is a corporation which, as stated above, cannot proceed *pro se*, it has been represented by counsel, identified on the docket as Michael Thomas McNamara, Esq., of the law firm of Cassidy, Romano & Love, P.C., throughout the course of this appeal. Counsel for appellant has not opposed the Trustee's motion to dismiss, has not sought an extension of time to file a Designation and Statement and has not indicated any excuse, much less a reasonable excuse, for the failure to file a Designation and Statement in accordance with Bankruptcy Rule 8006.[2] Moreover, since the Designation and Statement were required to be filed more than two (2) months before this Court suspended the schedule for filing briefs on the appeal, the order suspending the briefing schedule does not excuse appellant's failure to file a Designation and Statement in accordance with Rule 8006 of the Bankruptcy Rules.

---

[2] Even were the Court to consider Javino's untimely and improper opposition, he asserts only that the Designation and Statement "will be filed shortly" and that the failure to file the Designation and Statement to date is "simple attorney error." (Opp. at 9). "[A]bsent extraordinary circumstances, attorney inadvertence is not excusable neglect." In re Johns-Manville Corp., 476 F.3d 118, 124 (2d Cir. 2007); see also Zubair v. Entech Engineering, P.C., — Fed. Appx. —, 2014 WL 151033, at * 1 (2d Cir. Jan. 16, 2014) (summary order) ("[D]istrict courts exceed their discretion in granting a motion for extension of time for excusable neglect or good cause when attorney errors are the cause of the untimely filing.") Accordingly, Javino has not established excusable neglect for appellant's failure to file a Designation and Statement in accordance with Rule 8006 of the Bankruptcy Rules.

11

In light of, *inter alia*, appellant's failure: (a) to timely file a Designation and Statement in accordance with Rule 8006 of the Bankruptcy Rules, (b) to oppose the Trustee's motion seeking dismissal of the appeal or otherwise proffer any excuse for its failure to comply with Rule 8006 of the Bankruptcy Rules and (c) to seek an extension of time to file a Designation and Statement, the branch of the Trustee's motion seeking dismissal of the appeal for appellant's failure to comply with Rule 8006 of the Bankruptcy Rules is granted and the appeal is dismissed pursuant to Rule 8001(a) of the Bankruptcy Rules for appellant's failure to comply with Rule 8006 of the Bankruptcy Rules.

III. Conclusion

For the reasons set forth above, the Trustee's motion to dismiss the appeal is granted in its entirety and the appeal is dismissed in its entirety as statutorily moot pursuant to 11 U.S.C. § 363(m) and pursuant to Rule 8001(a) of the Bankruptcy Rules, for failure to comply with Rule 8006 of the Bankruptcy Rules. The Clerk of the Court shall close this case.

**SO ORDERED.**

                                 s/ Sandra J. Feuerstein
                                 Sandra J. Feuerstein
                                 United States District Judge

Dated: March 6, 2014
        Central Islip, New York